[Cite as *State v. Moore*, 2018-Ohio-5223.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellant

    v.

VICTOR MOORE

    Appellee

C.A. No.    28999

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    18 TRD 00063

DECISION AND JOURNAL ENTRY

Dated: December 26, 2018

CARR, Judge.

{¶1} Appellant, the State of Ohio, appeals from the decision of the Akron Municipal Court, granting Appellee, Victor Moore's, motion to suppress. This Court reverses.

I.

{¶2} One evening in December, two Akron police officers were dispatched to Georgia Avenue based on reports of a suspicious white male in the area. Moore was the only individual that the officers saw when they drove down the street, so they pulled to a stop and asked him whether he had seen the suspicious individual. The officers remained in their cruiser while they spoke with Moore, whose vehicle was running and was parked in a driveway. Following their brief, uneventful exchange, the officers began to drive away, but, in the course of doing so, ran Moore's license plate. Upon learning that his vehicle had stolen license plates, the officers reversed course and stopped Moore. The officers did not ultimately cite him for the stolen plates, but did issue him a citation for driving under suspension.

{¶3}    Moore pleaded not guilty to driving under suspension, in violation of the Akron Municipal Code.  He then filed a motion to suppress, and the trial court held a hearing on his motion.  At the conclusion of the hearing, the court determined that the officers lacked reasonable suspicion to run Moore's license plate.  Consequently, it granted the motion to suppress.

{¶4}    The State now appeals from the trial court's suppression ruling and raises a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED MR. MOORE'S MOTION TO SUPPRESS.

{¶5}    In its sole assignment of error, the State argues that the trial court erred when it granted Moore's motion to suppress.  We agree.

{¶6}    A motion to suppress evidence presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992).  Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Burnside* at ¶ 8.  "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶7}    The trial court found that officers responded to a suspicious person call regarding a white male who was wearing dark clothing and carrying a bucket.  When the officers arrived to

investigate, Moore was the only individual that they saw outside. Accordingly, they engaged him and asked whether he had seen the suspicious person. The court found that the officers' initial encounter with Moore was appropriate, but "the line was crossed [] when they decided, without having any articulable facts, that they were going to run his plates." The court noted that Moore did not match the description of the suspicious individual that the officers sought and they had already decided to pull away when they ran Moore's license plate. It determined that Moore's arrest was only a function of the license plate search that the officers performed. According to the court, neither officer could offer a valid reason as to why they ran Moore's plate. The court held that "there needs to be more to it before you run a registration check * * *. There has to be some sort of suspicion that the person's involved in criminal activity * * *." Because neither officer could articulate reasonable suspicion for running Moore's plate, the court granted his motion to suppress.

{¶8} The State has not challenged any particular finding on the part of the trial court. Instead, the State has raised several legal arguments, including that the trial court erred as a matter of law when it concluded that police officers may not conduct random license plate checks. Because the State has not challenged any of the foregoing findings, we will accept those findings as true for purposes of our analysis, and proceed to the court's application of the law. *See Burnside* at ¶ 8.

{¶9} "[A]n individual does not have a reasonable expectation of privacy in an automobile license plate." *State v. Shardy*, 9th Dist. Medina No. 2430-M, 1995 WL 734018, *1 (Dec. 13, 1995). License plates are required to be openly displayed, *see* R.C. 4503.21(A)(1), such that they are in plain view from the exterior of the vehicle. *See id.* Accordingly,

> [w]hile random stops of vehicles without any reasonable suspicion of criminal
> activity may be constitutionally invalid, random computer checks of vehicle

license plates are not. * * * Moreover, a scan of a computer data bank, in order to obtain information relevant to the license number, involves no intrusion. Such a "search" does not interrupt a driver in his travel, nor restrain his person or detain him. In sum, it does not even constitute a "stop[.]"

*State v. Moss*, 9th Dist. Summit No. 19698, 2000 WL 202103, *2 (Feb. 16, 2000), quoting *State v. Bates*, 9th Dist. Medina Nos. 1576, 1577, 1987 WL 15817, *1 (Aug. 12, 1987).

{¶10} The trial court granted Moore's motion to suppress on the basis that officers lacked reasonable suspicion to run his license plate. Moore, however, had no reasonable expectation of privacy in his plate. *Shardy* at *1. Because he lacked any reasonable expectation of privacy in his plate, the officers did not need reasonable suspicion before running it through their computer system. *See Moss* at *2, quoting *Bates* at *1. Upon review, the trial court erred by granting Moore's motion to suppress on that basis. As such, the State's sole assignment of error is sustained.

III.

{¶11} The State's sole assignment of error is sustained. The judgment of the Akron Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

EVE V. BELFANCE, Director of Law, GERTRUDE E. WILMS, Chief Prosecutor, and BRIAN D. BREMER, Assistant Director of Law, for Appellant.

CHRISTOPHER RIVERO, Attorney at Law, for Appellee.